## NESMITH v. ARCHER–COX FUNERAL HOME, Inc.
### No. 2789.

Court of Civil Appeals of Texas. El Paso.
Feb. 9, 1933.

Olin E. Nesmith, R. T. Meador, and Dwight Whitwell, all of Dallas, for appellant.

John G. Whitaker and Oren Parmeter, both of Dallas, for appellee.

HIGGINS, Justice.

Appellee brought this suit in the justice court against Olin E. Nesmith, administrator of the estate of Geo. S. Starrs, deceased, to recover a balance of $121, upon an open account for funeral expenses of the deceased. Judgment for said amount was rendered in favor of appellee, and upon appeal to the county court at law a like judgment was rendered.

As we understand the only proposition here presented by appellant, is to the effect that in the county court at law the appellee set up a new and different cause of action from that asserted in the justice court, which is forbidden by article 958, R. S.

There is nothing in the record to justify the assumption upon which such proposition is predicated.

The original itemized account, verified as required by article 3514, R. S., and bearing the rejection of the administrator, was filed with the justice of the peace.

The notations upon the transcript show that on April 20, 1931, "Plaintiff files First Amended Original Petition." The inference is that this was a written pleading, but it does not appear in the transcript before this court. In the county court at law plaintiff filed a third amended original petition declaring upon the account, a copy of which is attached to the petition as an exhibit. This petition sets up that the items in the account were necessaries in burying the deceased, the charges were reasonable, etc., and shows liability upon quantum meruit. This is the only pleading of the appellee shown by the record before this court, and it cannot be assumed it set up a new or different cause of action from that declared upon by the plaintiff in its previous pleadings, whether they were oral or written. Error is not to be presumed. The presumption is that the judgment of the court below is correct and it is incumbent upon appellant to affirmatively show by the record that error has been committed. 3 Tex. Jur. title Appeal and Error, § 734. The record here does not support the assumption upon which appellant predicates the only proposition he presents.

Affirmed.